UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK W. GAYNOR,<br><br>        Plaintiff,<br>v.<br><br>CITY OF MERIDEN and JEFFRY COSSETTE,<br><br>        Defendants. | Civil Action No.<br>3:17-CV-1103 (CSH)<br><br>June 20, 2019 |

## RULING ON NON-PARTY CHRISTOPHER DINGWELL, SR.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA

**HAIGHT, Senior District Judge:**

This civil rights action is before the Court on a motion for a protective order by a non-party witness who the Defendants have served with a subpoena. The motion papers reveal that there are presently pending in the Court two related cases involving the City of Meriden, Connecticut and Jeffry Cossette, the Meriden Police Chief: the captioned case, bearing docket number 3:17-cv-1103, assigned to the undersigned, and the case bearing docket number 3:17-cv-1531, assigned to District Judge Dooley.

In 3:17-cv-1103, the captioned case before me, the Plaintiff is Patrick W. Gaynor. The Defendants are Meriden and Chief Jeffry Cossette. Gaynor alleges that at the pertinent times he was a Captain in the Meriden Police Department. During the period from 2011 through June 2013, Gaynor gave testimony in a federal criminal trial against Evan Cossette, a Meriden police officer and son of Chief Cossette, which resulted in Evan Cossette's conviction and incarceration for beating a detainee in a holding cell. Gaynor's complaint further alleges that subsequently,

1

Meriden and Chief Cossette disciplined Gaynor and then terminated his employment with the Police Department, all in "retaliation for his protected speech" during the trial of Evan Cossette. Doc. 1 at ¶ 26. Gaynor sues Meriden and Chief Cossette pursuant to the United States Constitution and 42 U.S.C. § 1983.

In 3:17-cv-1531, the case before Judge Dooley, the Plaintiff is Christopher Dingwell, Sr., who resides in Meriden. Dingwell Complaint, Doc. 1-2 at ¶ 1. The Defendants are the City of Meriden, Chief Cossete, and John Willams, a Meriden Police Department detective. Dingwell alleges that "[i]n or around January 2015 " he "became aware of a potential issue with regard to two firearms that were missing from the armory of the Meriden Police Department." *Id.* ¶ 15. Dingwell addressed inquiries about the missing guns to the City, and reported the subject to the federal BATF, the Connecticut State Police, and the local press. *Id.* ¶¶ 16-24. Dingwell also publicly criticized the conduct of the Meriden Police Department, requested that Chief Cossette be fired at a City Council meeting, and continued to follow up with Meriden Police Department officials by email regarding the issue. *Id.* ¶¶ 36-37, 40. Dingwell alleges that the defendants retaliated against him because of his complaints, and that he "is currently fearful of continued retaliation and has been forced to curtail his public speech against the Meriden Police Department  as a result of their continued retaliation and efforts to thwart him." *Id.* ¶¶ 43-45.

Defendants' counsel in the *Gaynor* case has served a subpoena for deposition and production of documents on Dingwell, not as a party, but rather as a witness in the captioned action wherein Gaynor is plaintiff. Dingwell initially filed this motion seeking to quash the subpoena or, in the alternative, to obtain a protective order limiting the scope of discovery. *See* Doc. 37. The parties, to their great credit, have been able to resolve most of the issues raised in

the motion amicably. *See* Status Report, Doc. 42 at 1. They appear to have agreed, *inter alia*, that Dingwell will be deposed and produce documents, and as to the scope of the deposition. *Id*. Thus, the sole issues remaining for this Court are (i) the time frame and (ii) the scope of certain documents to be produced by Dingwell. *Id.*

The question presented is governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(1) provides: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." However, while information to be discoverable need not be *admissible*, it must be *relevant.* This is a recurring theme in the Advisory Committee's Notes to the 2015 Amendments. The 2015 Notes' discussion of Rule 26(b)(1) begins by saying: "Information is discoverable under Revised Rule 26(b)(1) if it is *relevant* to any party's claim or defense and is proportional to the needs of the case." (emphasis added). The Notes also say: "Proportional discovery *relevant* to any party's claim or defense suffices, given a proper understanding of what is *relevant* to a claim or defense," and "[d]iscovery of what is *relevant* to the parties' claims or defenses may also support amendment of the pleadings to add a new claim or defense that affects the scope of discovery." (emphases added). While the Federal Rules of Civil Procedure do not define "relevant," the operative definition can be found in Rule 401 of the Federal Rules of Evidence, which provides: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Dingwell's motion lies under Fed. R. Civ. P. 26(c)(1), which provides that a party or person "from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). The court "may, for good cause, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense," the permissible orders including an order "forbidding the disclosure or discovery," and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D).

Dingwell has been asked to produce "all documents relating to your communication with former Captain Patrick Gaynor" from January 1, 2014 through the present. *Id.* at 1. Counsel for Dingwell seeks to limit that request to communications with Gaynor *related to the defendants' and/or Captain Gaynor's employment with the City of Meriden Police Department* from January 1, 2014 through *the date of Gaynor's termination*. *Id.* at 2. Defendants' counsel respond that "[a]ny and all of Mr. Gaynor's statements to Mr. Dingwell are potential admissions of a party opponent and therefore discoverable on that basis." Doc. 38 at 3. They also contend that communications after Gaynor's termination are relevant because "the deponent and Patrick Gaynor had raised this issue in their past testimony at the State Board of Mediation and Arbitration." Doc. 42 at 2.

The request by Defendants' counsel for *all* communications between a non-party witness and Plaintiff, without any regard for subject matter, is precisely the sort of "fishing expedition" that the Federal Rules prohibit. *See Lerwick v. Kelsey*, 150 F. App'x 62, 65 (2d Cir. 2005). The motion papers indicate that there may have been some conversations between Gaynor and Dingwell. That is not surprising: a time certainly came when these two individuals each had

4

negative opinions about the Meriden Police Department and its Chief. Defendants are entitled to that information. *See* Fed. R. Civ. P. 26(b)(1). But limiting discovery to communications related to the parties' employment with the City of Meriden Police Department–*i.e.*, the precise subject at issue in this case–is not only reasonable, but required under the relevance standard set forth in FRCP Rule 26(b)(1) and FRE 401. *See Doe v. Univ. of Connecticut*, No. 3:09CV1071 WWE, 2012 WL 12745, at *2 (D. Conn. Jan. 4, 2012) ("Parties may obtain discovery regarding any non-privileged matter that is *relevant to the subject matter involved in the pending litigation*." (emphasis added)). Moreover, requiring a non-party to produce such a broad set of documents would be unduly burdensome and potentially prejudicial to Dingwell in his own action before Judge Dooley.[1]

The Court sees no reason, however, to block document production after Gaynor's termination. Dingwell's counsel argues that because this case is about a retaliatory termination, communications between her client and Gaynor after Gaynor's termination are not relevant. Not so. To state the obvious, Gaynor could not discuss the circumstances of his termination–the central issue in this case–until he had, in fact, been terminated. If anything, it seems *more* likely that relevant communications would have taken place after Gaynor was terminated than before. The timeframe proposed by Dingwell's counsel would impermissibly limit Defendants' ability to

---

[1] The Court notes, however, that the subject matter limitation on this document request–as presented by Dingwell's counsel, communications "related to the defendants [sic] and/or Captain Gaynor's employment with the City of Meriden Police Department"–must also be construed to include communications related to Captain Gaynor's termination from the City of Meriden Police Department.

5

collect information relevant to their defense.[2]

Accordingly, the Court makes this Order:[3]

1. The Motion of non-party Chistopher Dingwell. Sr. for a Protective Order [Doc. 37] is GRANTED IN PART. Dingwell's counsel must produce all non-privileged communications between Dingwell and Gaynor related to the Defendants' and/or Captain Gaynor's employment with, and Captain Gaynor's termination from, the City of Meriden Police Department from January 1, 2014 through the present.

2. The Subpoena to Testify dated August 28, 2018 served by Defendants City of Meriden and Jeffry Cosette upon Dingwell is VACATED.

It is SO ORDERED.

Dated: June 20, 2019
New Haven, CT

/s/ Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[2] The most apparent potential source of defensive evidence is statements by Gaynor to Dingwell which are inconsistent with Gaynor's contentions in the captioned case, and consequently admissions by a party opponent under Federal Rule of Evidence 801(d)(2)(A).

[3] The resolution of this protective motion rests in the Court's discretion. In the exercise of that discretion, I decline to issue an Order which would have an effect, direct or indirect, upon the nature or timing of pretrial discovery in the 17-cv-1531 case pending before Judge Dooley. She will direct discovery in that case, as to which I will maintain a respectful and deferential silence.